DAUKSCH, Judge,
concurring specially:
I concur but feel something should be said. Appellants were charged with possession of drugs after a search around a vehicle they occupied revealed the drugs. They filed a Motion to Dismiss under Rule 3.190, Fla.R.Crim.P., asserting the automobile in which they were riding was forced off the road by the deputies and that they didn’t know “of the presence of these suspected drugs found by the police in the vicinity of the car they had been passengers in. Neither possessed the suspect PCP or suspect marijuana while passengers in the Mustang.” [1]
The State traversed the Motion by specifically denying that the deputies forced the car off the road and specifically denying the Defendants didn’t know of the presence of the drugs and further specifically denying that the Defendants did not possess the drugs in the vehicle. A hearing on the Motion to Dismiss was held and the court denied the Motion. The denial was proper because the Rule provides the Motion “shall be denied if the State files a traverse which denies under oath a material fact alleged in the motion to dismiss.” The Appellants would have us hold that the State must, in its traverse, set out affirmatively that the Defendants did know of the presence of and did possess the drugs. Further, they assert the State must set out, under oath, facts to support the traverse. This is not what the Rule requires and if we were to try to make such a requirement we would, in effect, provide two trials for every defendant. One by affidavits in a motion to dismiss and traverse and the other in the classic manner with a judge or jury, trying the facts under the law.

. There is no denial of possession while not in the Mustang and no denial of knowledge of the drugs other than within the vicinity of the car. Was that an artfully,drawn limited denial or an inartfully drawn full denial?